**FILED**
**Jul 17, 2024**
**10:54 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Carlton Roach,** | ) | **Docket No. 2023-06-4294** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Grouper Holdings, LLC, a/k/a Aludyne** | ) | |
| **North America,** | ) | **State File No. 8189-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **Travelers Indemnity Co.,** | ) | |
| **Carrier.** | ) | **Judge Kenneth M. Switzer** |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

The Court heard Grouper Holdings's motion for summary judgment on July 16, 2024. The issue is whether Grouper Holdings is entitled to summary judgment because the statute of limitations bars Mr. Roach's claim. For the reasons below, the Court holds Grouper Holdings is entitled to summary judgment.

### Claim History

Grouper Holdings filed a statement of undisputed material facts with citations to the record in compliance with Rule 56.03 of the Tennessee Rules of Civil Procedure (2023). They are summarized as follows:

- Mr. Roach was an employee of Grouper Holdings on September 13, 2021, when he allegedly sustained an injury in the course and scope of his employment.
- Mr. Roach filed his petition for benefit determination on June 20, 2023.
- Mr. Roach was aware of the denial of his claim for workers' compensation benefits.
- Neither Grouper Holdings nor its carrier, Travelers, paid benefits of any type to or on behalf of Mr. Roach for the alleged September 13, 2021 injury.

1

Grouper Holdings supported these facts with the Petition for Benefit Determination and two affidavits. Brian Green, chief human resources officer for Grouper Holdings, and Schuyler Crowe, a claims professional for Travelers, testified that no benefits were paid on Mr. Roach's claim.

Mr. Roach did not file a response, nor did he appear at the hearing.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Grouper Holdings must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Roach's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Grouper Holdings successfully meets one of those burdens, Mr. Roach must respond by producing specific facts showing a genuine issue for trial. *Id.;* Tenn. R. Civ. P. 56.06. Rule 56.03 states, "Each disputed fact must be supported by specific citations to the record." As to the record, Rule 56.04 allows a court to consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."

Grouper Holdings argues that the Court should grant summary judgment because it affirmatively negated an essential element of Mr. Roach's claim – that he timely filed his petition. Grouper Holdings relies on Tennessee Code Annotated section 50-6-203(b)(1), which states that when an employer has not paid workers' compensation benefits to or on behalf of an employee, "the right to compensation under this chapter shall be forever barred, unless . . . a petition for benefit determination is filed . . . within one (1) year after the accident resulting in injury."

Here, the undisputed, properly supported facts show that Mr. Roach alleged a work injury occurring on September 13, 2021, and Grouper Holdings and Travelers paid no benefits. Mr. Roach did not file his petition until June 20, 2023, past the one-year post-accident deadline for filing his lawsuit. Therefore, Grouper Holdings successfully negated an essential element of Mr. Roach's claim−that he timely filed the petition−and showed that his facts are insufficient to prove this element.

Because Grouper Holdings met its burden, the Court considers whether Mr. Roach produced pleadings, depositions, answers to interrogatories, admissions on file, or affidavits setting forth specific facts showing a genuine issue for trial. He did not.

Specifically, Mr. Roach filed no response to Grouper Holdings's statement of undisputed material facts. He also did not appear to make any argument in support of denying the motion. Because Mr. Roach did not point to any specific facts or present any admissible countervailing evidence regarding Grouper Holdings's statute of limitations defense, he did not show a genuine issue of material fact for trial. The Court holds Grouper Holdings is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Grouper Holdings's motion for summary judgment is granted, and Mr. Roach's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Grouper Holdings under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2023), payable to the Clerk within five days of this order becoming final.

**ENTERED July 17, 2024.**

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 17, 2024.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Carlton Roach, employee | | X | X | Carltonroach76@gmail.com<br>701 Gracey Ave. #105A<br>Clarksville TN 37040 |
| Chip Storey, employer's attorney | | | X | cstoreyj@travelers.com<br>dbest@travelers.com |

_____

**PENNY SHRUM**
**Clerk, Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____          ☐ Motion Order filed on _____

☐ Compensation Order filed on_____          ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*